IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WOODROW B. THOMPSON, III,<br>  Plaintiff | : <br> : <br> : | |
| v. | : <br> : | CIV. NO. AMD 05-1944 |
| LIBERTY MUTUAL INSURANCE<br>COMPANY, et al.,<br>  Defendants | : <br> : <br> : | |

...o0o...

MEMORANDUM OPINION

Plaintiff Woodrow B. Thompson seeks substantial damages against his employer, defendant Liberty Mutual Insurance Company (Liberty Mutual), and two of his supervisors, defendants Irvin Gainer and Douglas Taylor, for one or more series of events occurring in the workplace. The complaint alleges claims in 12 counts. Three counts, apparently, are asserted under federal law, namely, 42 U.S.C. § 1981, for race discrimination in respect to: (1) failure to promote; (2) denial of training opportunities; and (3) retaliation "because he spoke up for his rights." The remaining nine counts all arise under state law. Plaintiff purports to allege *all claims against all defendants*.

Plainly, complete diversity of citizenship is lacking here, as both plaintiff and the individual defendants are citizens of Maryland. (Indeed, plaintiff has not even alleged a jurisdictional basis for his complaint.) Defendants have moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss for failure to state a claim the ostensible state law claims for (1) battery; (2) intentional infliction of emotional distress; (3) fraud; (4) invasion of privacy; and (5) defamation.

Under the circumstances, I deem it appropriate to require plaintiff to file a proper complaint fully in compliance with the basic requirements of the federal rules, e.g., a complaint which sets

forth an allegation of the court's subject matter jurisdiction, and clarifying precisely which claims are being asserted against which defendants. If, as it appears, the federal claims are simply "throw-ins" in a case whose gravamen is state law causes of action, then the plaintiff should say so.

In short, the motion to dismiss shall be granted and the complaint dismissed without prejudice. Plaintiff shall file an amended complaint on or before May 1, 2006, in which he sets forth in distinct counts the claims he asserts, identifying precisely which claim is being asserted against each defendant, and the jurisdictional basis for such claims. Thereafter, defendants may, if they choose, renew their motion to dismiss.

An order follows.

Filed: April 12, 2006                              /s/
                                        ANDRE M. DAVIS
                                        UNITED STATES DISTRICT JUDGE